IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA CARLTON RICH, #430-252,      *

   Plaintiff,      *

v.      *      Civil Action No. GLR-17-2196

KENYA MOORE,      *

   Defendant.      *

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Kenya Moore's Motion to Dismiss (ECF No. 14) and Plaintiff Dana Carlton Rich's Motion for Writ of Habeas Corpus (ECF No. 15). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Rich's Motion for Writ of Habeas Corpus, which it construes as a Supplement to the habeas claims contained in this hybrid Complaint, and will grant in part and deny without prejudice in part Moore's Motion.

### I.    BACKGROUND[1]

Rich is incarcerated at the Maryland Correctional Training Center in Hagerstown, Maryland. (Compl. at 1, ECF No. 1).[2] On August 19, 2014, Rich pleaded guilty to armed robbery and use of a firearm in the commission of a violent crime in the Circuit

---

[1] Unless otherwise noted, the Court takes the following facts from Rich's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011).

[2] Citations to the Complaint and its Exhibits refer to the pagination assigned by the Court's Case Management and Electronic Court Filing system.

Court for Baltimore County, Maryland. (Compl. Ex. A at 1, ECF No. 1-1; Id. Ex. B at 1, ECF No. 1-2); see also State v. Rich, Case No. 03-K-14-000967 (Cir.Ct.Balt.Cty.). The Court sentenced Rich to two concurrent twenty-year sentences, with all but five years suspended. (Compl. Ex. F at 1–2, ECF No. 1-6; Compl. at 3). Rich's commitment order, dated August 19, 2014, indicates that he was eligible for parole. (Compl. Ex. F at 2). Rich also earned good conduct or diminution credits in prison and, accounting for these credits, his release date was June 9, 2017. (Compl. Ex. G, ECF No. 1-7).

Rich alleges that, applying his earned diminution credits, he was scheduled for mandatory supervision release in May 2017.[3] (Compl. at 2; Id. Ex. B ¶ 2). In anticipation of his release, Rich was placed on home detention on April 11, 2017. (Compl. Ex. G; Compl. at 3).

On April 12, 2017, Rich was removed from home detention and the Division of Correction ("DOC") notified him in writing that he was ineligible for mandatory supervision release based on his conviction for use of a firearm in the commission of a violent crime. The notice states, in relevant part:

> You are not eligible for release on mandatory supervision because you are not eligible for parole on your sentence for a

---

[3] Prisoners in the custody of the Division of Correction ("DOC") earn diminution credits for good behavior, performing work assignments, participating in educational programs, and participating in designated special projects. Md. Code Ann., Corr. Servs. Art. §§ 3-704 through 3-707 (West 2018). Diminution credits are subtracted from the maximum expiration date of the last sentence to expire in the prisoner's term of confinement to arrive at the date on which the inmate is entitled to be released under mandatory supervision. Id. § 7-501. Of import here, an inmate convicted "of a violent crime committed on or after October 1, 2009, is ineligible for a conditional release under this section until after the inmate becomes eligible for parole under § 7-301(c) or (d) of this title." Id. § 7-501(b).

2

> violent crime. Diminution of confinement credits cannot be applied to reduce the length of your incarceration. Upon reaching the maximum expiration date, you will be released by expiration of sentence.

(Compl. Ex. A).

The notice explained that Rich's firearms conviction was a violent crime as defined in Md. Code Ann., Corr. Servs. § 7-101(m), and the crime occurred after October 1, 2009, thereby making him ineligible for parole and mandatory release during his confinement under Md. Code Ann., Corr. Servs. § 7-501(b).[4] (Compl. Ex. A). Rich states that he was informed that he must serve his five-year term "day for day" without the benefit of diminution credits. (Compl. at 3; Id. Ex. A). Rich asserts that he is entitled to the benefit of the diminution credits that he earned. (Compl. at 3; Id. Ex. G). He pleads that he was "stripped of all his day[s]," and his right to due process was violated. (Compl. at 3; Id. Ex. G at 1–2). Rich's superseding commitment record, dated October 12, 2017, shows that he must serve the first five years of his sentence without consideration for or release on parole. (Def.'s Mot. Dismiss ["Def.'s Mot."] Ex. B at 9–10, ECF No. 14-3).[5]

On August 3, 2017, Rich, who is self-represented, filed his Complaint, bringing a hybrid civil rights and habeas action. (ECF No. 1). In his Complaint, Rich challenges

---

[4] Section 7-501(b) of the Correctional Services Article prohibits release on mandatory supervision for inmates convicted of a violent crime committed after October 1, 2009.

[5] Citations to Exhibit B to Moore's Motion refer to the pagination assigned by the Court's Case Management and Electronic Court Filing system.

3

the calculation of his term of confinement, requests $100,000 damages for "unjust incarceration," and seeks immediate release from imprisonment. (Compl. at 4–6).

On December 18, 2017, Moore, a Commitment Records Specialist Supervisor for the DOC, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 2254(b). (ECF No. 14). Rich filed an Opposition on February 12, 2018. (ECF No. 16). To date, the Court has no record that Moore filed a Reply. On December 27, 2017, before filing his Opposition, Rich filed a "Motion for Writ of Habeas Corpus" seeking a hearing on his allegedly improper confinement.[6] (ECF No. 15). Rich's Motion is unopposed.

## II. DISCUSSION

### A. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[6] The proper respondent in a habeas action is the inmate's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). Rich's custodian is the Warden of the Maryland Correctional Training Center.

4

the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

The Federal Rules of Civil Procedure, to the extent they are not inconsistent with statutory provisions or the Rules Governing Section 2254 Cases in the United States District Courts, apply to § 2254 proceedings. See Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. §2254. Rule 1(b) of the Rules Governing Section 2254 Cases states that a court may apply these rules to habeas corpus petitions filed under provisions other than § 2254.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)). Further, "[t]he Court cannot act as a pro se litigant's 'advocate and develop,

5

sua sponte, statutory and constitutional claims' that the litigant failed to raise on the face of the complaint." Branch v. Machen, No. 3:14CV708, 2014 WL 6685497, at *2 (E.D.Va. Nov. 25, 2014) (quoting Newkirk v. Circuit Court of Hampton, No. 3:14cv372–HEH, 2014 WL 4072212, at *1 (E.D.Va. Aug. 14, 2014)).

The general rule is that a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. One of these exceptions is that a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

Here, Rich attached to his Complaint copies of the DOC letter concerning his ineligibility for mandatory release, his commitment record, and his diminution credit record. (Compl. Exs. A, F, G). With her Motion, Moore filed a copy of Rich's superseding commitment record. (Def.'s Mot. Ex. B). Because Rich attached the documents to his Complaint and the superseding commitment record is attached to Moore's Motion, integral to the Complaint, and authentic, the Court will consider these documents.

**B.   Analysis**

Defendant moves for dismissal on two principal grounds. First, Moore asserts that a judgment in Rich's favor in this case would call into question the validity of his confinement, and, therefore, Heck v. Humphrey, 512 U.S. 477 (1994), bars this suit.

Second, Moore asserts that Rich failed to exhaust his state remedies in regard to his request for habeas corpus relief. Although the Court does not construe Rich's Complaint as challenging the validity of his confinement, the Court will nevertheless dismiss the Complaint and conclude that Rich failed to exhaust his state remedies.

In Heck v. Humphrey, the Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. 512 U.S. at 486–87. Some claims, however, do not necessarily imply the validity of a conviction or sentence, and therefore Heck does not bar them. Marcantoni v. Bealefeld, 734 F.App'x 198, 199 (4th Cir. 2018) (citing Heck, 512 U.S. at 487, 487 n.7) (noting that Heck did not bar the plaintiff's § 1983 suit for damages for an unreasonable search under the Fourth Amendment, even though evidence from the search was introduced at a criminal trial that resulted in the plaintiff's still-outstanding conviction).

In this case, Rich does not challenge the validity of his underlying convictions or sentences. Rather, he maintains that he was denied due process when he was "stripped" of the diminution credits he had earned to secure his early release from prison. As a result, Heck does not bar Rich's suit.

Nevertheless, Moore contends that Rich's sentence for use of a firearm in the commission of a crime of violence, a violation of § 4-204 of the Criminal Law Article of

7

the Maryland Code, rendered him ineligible for parole during his term of confinement, and therefore ineligible for mandatory release during this period.[7]

The Constitution does not create a protected liberty interest in the expectation of early release on parole. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); see also Jago v. Van Curen, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). Further, there is no constitutionally protected liberty interest in diminution credits. Robinson-Bey v. Corcoran No. L-00-3452, 2001 WL 34799270, at *2 (D.Md. April 12, 2012) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Protected liberty interests are generally limited to freedom from restraint that imposes atypical and significant hardship on an inmate in relation to ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). Generally, lack of opportunity to earn or apply diminution credits is not an atypical and significant hardship implicating due process protections. Meachum v Fano, 427 U.S. 215, 225–26 (1976).

In Maryland, an inmate has no due process right to parole because the Maryland parole statute does not create a legitimate expectation of parole release. Bryant v. Maryland, 848 F.2d 492 (4th. Cir. 1988); see also Lomax v. Warden, 707 A.2d 395, 402 (Md.Ct.Spec.App. 1998) (holding that an inmate has no due process right to parole or a parole hearing, and, therefore, has no liberty interest in parole consideration). Because

---

[7] Rich's sentence was calculated in the superseding commitment order to commence on January 29, 2014, with his maximum expiration date on January 29, 2019. (Compl. Ex. F at 2).

Maryland prisoners do not have a protected liberty interest in parole, they typically cannot challenge a state parole review procedure on procedural or substantive due process grounds. Bailey v. Bishop, No. PX-17-2084, 2017 WL 3480793, at *2 (D.Md. Aug. 14, 2017) (quoting Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997)).

In almost all instances, sentence and diminution credit calculation disputes regarding parole review procedures in a state penal system involve issues of state law and do not give rise to a federal question. See Estelle v. McGuire, 502 U.S. 62, 67–68, (1991); Pringle v. Beto, 424 F.2d 515, 516 (5th Cir. 1970); see also McCray v. Rosenblatt, 27 F.3d 563, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam). Although not absolute, a state law violation that does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Where, however, a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998).

Although sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question, the Supreme Court has held that when a state creates a right to good time credits, due process requires that a prisoner's right should not be "arbitrarily abrogated." Wolff, 418 U.S. at 557. Under Wolff, once a prisoner has earned good time credits under a state statute that awards mandatory sentence reductions for good behavior, he has a liberty interest in a reduced sentence,

9

which cannot be revoked in the absence of minimum due process procedural guarantees. Id. at 556–57.

Here, Rich does not state a claim for federal habeas relief for at least two reasons. First, Rich is not entitled under state law to parole or early release in light of his conviction for use of a firearm in the commission of a violent offense. Because the record indicates that the exclusion was not listed on the original commitment order, an apparent clerical error, Rich was permitted to earn diminution credits. The DOC later provided him notice and the error was corrected his commitment order. Rich takes issue with DOC's interpretation of Correctional Services Article §§ 7-101(m) and 7-501(b)—a claim that rests solely upon the interpretation of state statutes. As a result, Rich's claims are not cognizable on federal habeas review. See Wright, 151 F.3d at 157. Second, to the extent Rich alleges that he was "stripped" of his diminution credits in violation of his due process rights, he had no right under the Maryland statute governing the award of diminution credits to earn credit towards early release due to his disqualifying firearms conviction. The Court, therefore, concludes that Rich fails to state a plausible federal claim upon which relief can be granted.

Defendant also seeks dismissal of Rich's habeas claims as unexhausted. When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b), (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to

consider it. § 2254(b)(1)(A). For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and, if denied, in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109(a) (West 2018) (providing thirty days to file for leave to appeal a final order). If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202 (West 2018). If the application is granted but relief on the merits of the claim is denied, however, the petitioner must file a petition for writ of certiorari to the Court of Appeals. Williams v. State, 438 A.2d 1301, 1305 (Md. 1981).

With regard to habeas relief, if an inmate alleges "entitlement to immediate release and makes a colorable claim that he has served his sentence, less credits," the inmate may pursue state habeas relief without exhausting administrative remedies. Wilson v. Simms, 849 A.2d 88, 94 (Md.Ct.Spec.App. 2004) (citing Md. House of Corr. v. Fields, 703 A.2d 167, 175 (Md. 1997)).

Moore asserts that Rich has not exhausted the available state remedies. The record is unclear on this point. Rich filed a petition for writ of habeas corpus in the Circuit Court for Washington County, Maryland on October 26, 2017. (Def.'s Mot. Ex. 1, ECF No. 14-2). The State filed a response to the petition on December 18, 2017. (Id. Ex. B). At the time Moore filed the Motion to Dismiss, Rich's petition was pending before the Circuit Court. Maryland Judiciary Case Search shows, however, that on January 18,

2018, the same day that Moore filed the Motion to Dismiss, the Circuit Court for Washington County denied Rich's state motion for writ of habeas corpus. See Rich v. Moore, Civil Case No. C-21-CV-17-00021. (Cir.Ct.Wash.Cty.), Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/inquiry Search.jis (under "Search By Case Number," select "Washington County Circuit Court" and enter case number "C-21-CV-17-00021"; then select "Get Case") (last visited Sept. 12, 2018). The Maryland Judiciary Case Search docket does not indicate whether Rich noted a timely appeal of the decision denying his petition.[8] The Court, therefore, will deny without prejudice Moore's Motion to Dismiss as it pertains to Rich's habeas claims, to refiling within twenty-one days.

In sum, because Rich does not have a protected liberty interest in diminution credits, the Court will grant Moore's Motion as to the § 1983 claims in the Complaint. Because it is unclear whether Rich has exhausted his state habeas remedies, the Court will deny without prejudice Moore's Motion as to Rich's habeas claims, subject to re-filing within twenty-one days. Counsel for Moore may file a motion within twenty-one days that includes a discussion of whether Rich has exhausted his state habeas remedies in light of the Circuit Court of Washington County's denial of Rich's petition and supplement the record with any subsequent state habeas proceedings. Rich shall have twenty-one days thereafter to file a response.

---

[8] The Court has no record that either party notified the Court that the Rich's state habeas petition was denied.

## III. CONCLUSION

For these reasons, the Court will grant in part and deny without prejudice in part Moore's Motion to Dismiss and grant Rich's Motion for Writ of Habeas Corpus, which is construed as a Supplement to the Complaint. A separate Order follows.

September 13, 2018 /s/
_____ _____
Date George L. Russell, III
United States District Judge