IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANA CARLTON RICH, #430-252, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-17-2196 |
| KENYA MOORE, | * | |
| Defendant. | * | |

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Kenya Moore's Supplemental Motion to Dismiss (ECF No. 22). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons discussed below, the Court will grant Moore's Motion.

### I.     BACKGROUND[1]

On August 3, 2017, Plaintiff Dana Carlton Rich filed a Complaint challenging the calculation of his term of confinement and seeking damages and his release. (Compl. at 4–6, ECF No. 1).[2] Rich, who is self-represented, also raises claims for federal habeas relief. (Mot. Writ Habeas Corpus ¶ 1, ECF No. 15).

On December 18, 2017, Moore filed a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 2254(b). (ECF No. 14). On

---

[1] The facts of this case are outlined in the Court's September 13, 2018 Memorandum Opinion. (ECF No. 20). They are repeated only as necessary to provide context in analyzing the pending Motion. Unless otherwise noted, the facts outlined here are set forth in Plaintiff Dana Carlton Rich's Complaint.
[2] Citations to the Complaint and its exhibits refer to the pagination assigned by the Court's Case Management and Electronic Court Filing system.

September 13, 2018, the Court granted Moore's Motion in part, dismissing Rich's claims for damages under 42 U.S.C. §1983, denying the Motion without prejudice to the extent that Moore had moved to dismiss Rich's habeas claims for lack of exhaustion, and directing Moore to file a supplemental dispositive motion to clarify the exhaustion issue. (Sept. 13, 2018 Mem. Op. at 12, ECF No. 21).

On October 5, 2018, Moore filed a Supplemental Motion to Dismiss. (ECF No. 22). Rich filed an Opposition on October 25, 2018. (ECF No. 24). To date, the Court has no record that Moore filed a Reply.

## II.  DISCUSSION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b), (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. § 2254(b)(1)(A). A petitioner "bears the burden of demonstrating that state remedies have, in fact, been exhausted." Mallory v. Smith, 27 F.3d 991, 994–95 (4th Cir. 1994)).

A Maryland inmate challenging the calculation of his term of confinement may pursue both administrative and judicial remedies. An inmate may file a grievance with the Inmate Grievance Office ("IGO"). See Md. Code Ann., Corr. Servs. ["CS"] § 10-206(a); see generally Adamson v. Corr. Med. Servs., Inc., 753 A.2d 501, 508–10 (Md. 2000) (discussing Maryland's inmate grievance procedures). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings

("OAH") for a hearing before an administrative law judge. CS § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. CS § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. CS § 10-209(c).

If an inmate alleges "entitlement to immediate release and makes a colorable claim that he has served his sentence, less credits," the inmate may pursue state habeas relief without exhausting administrative remedies. Wilson v. Simms, 849 A.2d 88, 94 (Md.Ct.Spec.App. 2004) (citing Md. House of Corr. v. Fields, 703 A.2d 167, 175 (Md. 1997)). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Maryland Court of Appeals. See generally Stouffer v. Pearson, 887 A.2d 623, 625–26 (Md. 2005) (discussing procedural background of state habeas case from its initial filing in the circuit court to the Maryland Court of Appeals granting a petition for writ of certiorari).

In the December 18, 2017 Motion to Dismiss, Moore argued that Rich failed to exhaust available state remedies. The record before the Court, however, was unclear. Moore indicated that Rich had filed a petition for writ of habeas corpus in the Circuit Court for Washington County, Maryland on October 26, 2017, and that the State had filed its Response on December 18, 2017. (Def.'s Mot. Dismiss Ex. 1, ECF No. 14-2). The Maryland Judiciary Case Search electronic docket showed, however, that on January

3

18, 2018, the same day Moore filed the Motion to Dismiss, the Circuit Court had denied Rich's petition for writ of habeas corpus.[3] Maryland Judiciary Case Search did not indicate whether Rich had noted a timely appeal of the decision denying his petition.

Upon review of the Supplemental Motion to Dismiss and Rich's Opposition, the Court finds that Rich's habeas claims are unexhausted. On December 21, 2017 and January 18, 2018, the Circuit Court denied Rich's state petition for writ of habeas corpus.[4] (Suppl. Mot. Dismiss Ex. 1, ECF No. 22-2). Rich did not appeal the denials of habeas corpus relief to the Court of Special Appeals. (Id.). Thus, Rich has not exhausted his habeas claims before the state courts.

Nevertheless, in his Opposition, Rich asks to be excused from the exhaustion requirement. He avers that he will serve his day-to day sentence before he can exhaust his judicial remedies. He argues that if his earned diminution credits were restored, then he would be entitled to immediate release. The Court is not persuaded.

A petitioner may be excused from the exhaustion requirement if "there is an absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b)(1)(B). State remedies may become ineffective by inordinate delay or inaction in state

---

[3] See Rich v. Moore, Civil Case No. C-21-CV-17-000021 (Cir.Ct.Wash.Cty.), Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/inquiry Search.jis (under "Search By Case Number," select "Washington County Circuit Court" and enter case number "C21CV17000021"; then select "Get Case") (last visited Nov. 15, 2018).The Court had no record that either party had notified the Court that Rich's state habeas petition was denied.

[4] The record does not indicate why two orders denying habeas relief were issued.

proceedings. See Farmer v. Circuit Court of Md. for Balt. Cty., 31 F.3d 219, 223 (4th Cir. 1994).

In this case, a conclusory assertion about the timing of the state court process, as Rich asserts here, fails to demonstrate inordinate delay, ineffective process, or futility sufficient to excuse lack of exhaustion.[5] The Court could, therefore, dismiss Rich's Petition on this ground alone.

Further, even if Rich's habeas claims were exhausted, he does not state a cognizable claim for federal habeas relief. A federal court exercising habeas corpus jurisdiction is limited to deciding whether a prisoner's custody is in violation of the United States Constitution or laws of the United States. See 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). In the Memorandum Opinion dated September 13, 2018, the Court determined that Rich's claims are premised on interpretation of state law. (Sept. 13, 2018 Mem. Op. at 10). The lack of opportunity to earn or apply diminution credits is not an atypical and significant hardship implicating due process protections. Meachum v Fano, 427 U.S. 215, 225–26 (1976). Disputes over sentencing calculations rarely rise to this level as they usually involve disagreements over the interpretation of state statutes, and if a claim "rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998); see Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.");

---

[5] Rich also appears to argue that he did not exhaust his administrative remedies because the administrative process was too lengthy. (Pl.'s Resp. Opp'n at 3–4, ECF No. 16).

see also McCray v. Rosenblatt, No. 94-6097, 1994 WL 320212, at *1 (4th Cir. July 6, 1994) (per curiam) (unpublished) (denying a challenge to Maryland's recalculation of credits toward a state prison sentence because it alleged only "a violation of state, not federal, law").

In sum, Rich has failed to exhaust state habeas remedies, and even if he had, he does not state a cognizable claim for federal habeas relief. Accordingly, the Court will grant Moore's Supplemental Motion to Dismiss.

### III.　　CONCLUSION

For the foregoing reasons, the Court will grant Moore's Supplemental Motion to Dismiss. A separate Order follows.


November 16, 2018　　　　　　　　　　　　　　　　　　　　　　　/s/
_____　　　　　　　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　　　　　　George L. Russell, III
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge